**In the United States District Court
for the District of Kansas**

**United States of America**,
       Plaintiff,

v.                                         Case No. 22-20027-DDC

**Austin Spruell-Ussery**,
       Defendant.

**AMENDED MOTION TO SUPPRESS EVIDENCE
OBTAINED IN VIOLATION OF FED. R. CRIM. P. 41(b)(1)**

Austin Spruell, by and through counsel, Chekasha Ramsey, in accordance with Rules 12, 41(b), and 47 of the Federal Rules of Criminal Procedure, moves the Court to suppress any evidence obtained during the search of 2337 S. 9th Street, Kansas City, Kansas, conducted on April 11, 2022.[1] Mr. Spruell submits that such evidence was obtained in violation of Federal Rule of Criminal Procedure 41(b)(1).

**ARGUMENT AND AUTHORITIES**

Federal Rule of Criminal Procedure 41(b) dictates "[a]t the request of a federal law enforcement officer or attorney for the government: (1) a magistrate judge with authority in the district—or if none is reasonably available, a judge of a state court of record in the district—has authority to issue a warrant to search for and seize a

---

[1] Defense counsel files this Motion to a correct the date of the search. This correction is the only change to D.E. 22, Motion to Suppress Evidence Obtained in Violation of Fed. R. Crim. P. 41(b)(1).

1

person or property located within the district." Fed. R. Crim. P. 41(b)(1). The requirements of Rule 41 are "designed to protect the integrity of the federal courts or govern the conduct of federal officers." *United States v. Millar*, 543 F.2d 1280, 1283-84 (10th Cir. 1976).

Where Rule 41 is violated, suppression is warranted if the Rule 41 violation (1) rises to the level of a Fourth Amendment violation; 2) if the defendant can establish that the violation resulted in prejudice; or 3) if the defendant can establish that there is evidence of intentional and deliberate disregard of a provision of the Rule. *United States v. Pennington*, 635 F.2d 1387, 1390; *see also United States v. Krueger*, 809 F.3d 1109, 1113-14 (10th Cir. 2015).

Here, Detective Blackman violated Federal Rule of Criminal Procedure 41 and, therefore, the search warrant is void, and the remedy is suppression.

## I.    Rule 41 applies to the search of 2337 S. 9th Street because the search was federal in character.

Rule 41 applies to any search that is "federal in character." *Pennington*, 635 F.2d at 1389. If a search "is federal in character" then the search must be conducted under a warrant that "satisfies constitutional requirements and certain provisions of Fed. R. Crim. P. 41 designed to protect the integrity of federal courts or to govern the conduct of federal officers." *Id.* The question of whether a search is "federal in character" or "purely state in character" appears to be fact specific. *See id.*; *see also United States v. Nelson*, No. 19-20059-01-DDC, 2020 WL 6343301, at *12-13 (D. Kan Oct. 29, 2020) (holding, after a fact specific inquiry, the search in question was federal in nature where Detective Blackman, a cross-deputized TFO, received information

2

from federal sources, worked with federal law enforcement, and conducted the search with ATF assistance).

In *Pennington*, for example, the Tenth Circuit found "no doubt" there was a federal search since "[t]he warrant was issued by a United States Magistrate in connection with an alleged violation of federal law." *Id.* Further, an Assistant United States Attorney had arranged for the state official to go before the Magistrate in an effort to secure a search warrant. *Id.* As such, Rule 41 applies "only 'when federal officers are directly involved in carrying out the search itself and in taking immediate custody of the fruits of the search.'" *United States v. Pulliam*, 748 F.3d 967, 974 (10th Cir. 2014) (internal citations omitted).

On the other hand, "[g]enerally, a warrant is not federal in character if no federal agents participated in obtaining the warrant or in conducting the search." *United States v. Barrett*, 496 F.3d 1079, 1090 (10th Cir. 2007) (quoting *United States v. Gobey*, 12 F.3d 964, 967 (10th Cir. 1993)). In *Barrett*, the Tenth Circuit held that the warrant was state in character because "the warrant was requested by a state law enforcement officer, was issued by a state magistrate, and the original plan had been for only state law enforcement to execute the warrant" and that there was no evidence that federal prosecution was envisioned at the time of the search. 496 F.3d at 1090-91; *see also United States v. Sadlowski*, 948 F.3d 1200, 1202-04 (10th Cir. 2020) (holding warrant in question not sufficiently federal in character where state law enforcement requested a warrant from a state court judge).

Here, a fact specific inquiry leads one to the conclusion that the search was federal in nature. Detective Blackman is a cross-deputized Task Force Officer, and Task Force Officers Fincher and Temple are cross-deputized agents with ATF. Detective Blackmans primary responsibility as an ATF agent is the investigation and assisting in the prosecution of firearm cases, meaning they were actively seeking his arrest on that day. Special agents with ATF were actively involved in the investigation of Mr. Spruell from the beginning. The ATF initiated the investigation, and the product of their investigation were the basis for the search warrant. ATF agents surveilled the home, conducted the trash pulls, and then sorted and collected the evidence obtained by the trash pulls. The warrant for Mr. Spruell's arrest was adopted by the United States Marshals (USMS). ATF and USMS executed the warrant for Mr. Spruell's arrest. ATF TFO Blackman and TFO Fincher processed the scene during the service of the search warrant with the assistance of ATF Kansas City I Field Office agents. The search, by federal officers, was intended to yield evidence of federal crimes.

Other factors support the conclusion that this search was federal in character and that ATF agents envisioned federal prosecution of Mr. Spruell for felon in possession of a firearm. Detective Blackman was aware of Mr. Spruell's criminal history. In 2015 the Mr. Spruell was convicted of federal felon in possession of a firearm. TFO Blackman cited this criminal history in the warrant and that he was prohibited from possessing a firearm. He knew that possession of a firearm or distribution of controlled substances by Mr. Spruell were federal crimes. The affidavit

for the search warrant reflects that on the day of the arrest one witness that informed law enforcement that Mr. Spruell was in possession of a firearm in the home. Federal agencies were also familiar with Mr. Spruell as the initial investigation into Mr. Spruell began as a result of the ATF violent task force initiative.

Rule 41 is applicable here. The search of 2337 S. 9th Street was federal in character. TFO Blackman is a federal officer as defined by Rule 41(a)(2)(C),[2] and Rule 41 should govern his conduct.

## II.   Mr. Spruell was prejudiced by this Rule 41 violation.

Suppression is a remedy where the Rule 41 violation results in prejudice to the defendant. *Pulliam*, 748 F.3d at 973. Prejudice, in this context, is "prejudice in the sense that the search might not have occurred or would not have been so abrasive if the Rule had been followed." *Krueger*, 809 F.3d at 1115. In *Krueger*, a federal magistrate judge in the District of Kansas issued a warrant for property located in the Western District of Oklahoma. *Id*. When presented with the option of applying a prejudice standard that focused on what the government *could have* done to comply with Rule 41(b)(1), it concluded that prejudice in this context should be anchored to the facts as they actually occurred. *Id*. at 1116.

> Applying this standard, we conclude that Krueger established prejudice in the sense that the Oklahoma search might not have occurred because the Government would not have obtained Warrant 2 had Rule 41(b)(1) been followed. Although the Government *may have* been able to obtain a warrant from a federal magistrate judge in the Western District of

---

[2] As defined under Rule 41(a)(2)(C), a "federal law enforcement officer" is defined as a government agent who is engaged in enforcing the criminal laws and is within any category of officer authorized by the Attorney General to request a search warrant.

> Oklahoma, meaning it *may have* ultimately secured Krueger's cooperation and seized his devices without violating Rule 41, such hypotheticals simply cannot cure the Government's gross negligence in failing to comply with Rule 41(b)(1) in the first instance.

*Id*. at 1116-17 (emphasis original).

In Mr. Spruell's case, the search might not have occurred because the government would not have obtained the warrant had Rule 41(b)(1) been followed. The government sought and obtained the warrant from a judge of a state court of record in the district who clearly lacked Rule 41 authority to issue a warrant when a magistrate judge with authority in the district was reasonably available. There is nothing to indicate that a federal magistrate judge was not reasonably available that day in Kansas City, Kansas. In fact, Magistrate Judge Rachel Schwartz held an initial appearance hearing that day.[3] Had the state judge realized a magistrate judge was reasonably available, he would not have issued a warrant in violation of Rule 41(b)(1). Although the government may have been able to secure a warrant from a Federal Magistrate Judge in the District of Kansas, meaning it may have seized the items at 2337 S. 9th St., Kansas City, KS, "such hypotheticals simply cannot cure the Government's gross negligence in failing to comply with Rule 41(b)(1) in the first instance." *Id*.

---

[3] See 5:18-cr-40082-HLT-1

## III. There is evidence that TFO Blackman intentionally and deliberately disregarded Rule 41.

TFO Blackman has been with the ATF since 2018 and has worked on numerous investigations in that capacity. He is familiar with Mr. Spruell's case and this investigation. He would be more than familiar with ATF's investigation and how the fruits of that investigation were cited in the application for a search warrant—which he submitted. When he applied for the search warrant, it is likely that TFO Blackman envisioned that a separate prosecution to proceed in federal court. Further, TFO Blackman is familiar with the demands of Rule 41. This Court previously addressed the very same issue involving TFO Blackman in *United States v. Nelson*, 2020WL 6343301 (D. Kan. 2020), Case No. 19-20059-01-DDDC. The balance of evidence favors finding that law enforcement intentionally and deliberately disregarded Rule 41.

WHEREFORE, Rule 41(b) has been violated and suppression is the remedy. Mr. Spruell requests this Court hold a hearing to determine the issues and an order suppressing the firearm and ammunition in this case.

Respectfully submitted,

S/Chekasha Ramsey
Chekasha Ramsey, #78476
Assistant Federal Public Defender
500 State Avenue, Suite 201
Kansas City, Kansas 66101
Phone: (913) 551-6712
Fax: (913) 551-6562
Email: che_ramsey@fd.org
Attorney for Defendant

7

## **CERTIFICATE OF SERVICE**

      I hereby certify that on June 8, 2023, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all interested parties.

                                           S/Chekasha Ramsey
                                           Chekasha Ramsey, #78476