IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 22-20027-DDC |
| AUSTIN SPRUELL-USSERY, | |
| Defendant. | |

## MEMORANDUM

*Background*

On August 29, 2023, the Court held a hearing on Spruell's Motion to Suppress (Doc.21) and Amended Motion to Suppress (Doc. 26). At the conclusion of testimony from the government's witness, Spruell's counsel announced Spruell intended to testify regarding the limited issue of standing. The Court inquired of the parties whether the Court should admonish the defendant about potential consequences of his decision to testify. The Court continued the hearing until September 14, 2023 and indicated the parties may submit suggestions regarding this issue in writing by September 8, 2023.

*Issue: Whether Spruell needs to be admonished regarding his decision to testify at suppression hearing on the narrow issue of standing?*

After researching this issue, the government suggests the Court need not give an admonishment and need only give a very limited notice of Spruell's right to testify or remain silent.

*1. An admonition of all rights Spruell may be giving up by testifying is not necessary because the determination of whether Spruell's statements could be used against him cannot be made until after he testifies.*

At the motion hearing, Spruell's counsel brought *Simmons v. United States*, 390 U.S. 377 (1968) to the Court and government's attention. *Simmons* seems to support the proposition that if Spruell testifies on the narrow issue of standing at the motion hearing, his testimony may not be used against him at trial. ("We therefore hold that when a defendant testifies in support of a motion to suppress evidence on Fourth Amendment grounds, his testimony may not thereafter be admitted against him at trial on the issue of guilt unless he makes no objection."). *Id.* at 394.  The government is also aware of *Rozales* where, in interpreting the *Simmons* holding, the Tenth Circuit affirmed a decision by the district court ruling that statements a defendant made at a suppression hearing admissible at the defendant's jury trial. ("The government asserts, and we agree, that Ruelas's situation is distinguishable from *Simmons*.")  *United States v. Rozales*, 711 F.3d 1194, 1212-4 (10th Cir 2013).  Thus, it appears from the *Rozales* case that there are circumstances in which a defendant's testimony at a suppression hearing could be used in a subsequent trial, but that determination depends onto the content of the defendant's testimony. In other words, *Simmons* does not give Spruell blanket immunity with respect to his testimony. As such, it would be difficult for the Court in this case to advise Spruell what rights he is giving up by testifying when it isn't clear what those rights are because he has not yet testified.

*2. An admonition could unintentionally have chilling effect on Spurell's decision to testify.*

Giving Spruell an admonition about how his testimony could or could not be used against him is entirely speculative at this point, and therefore could overstate risks Spruell takes on if he chooses to testify, resulting in the Court unintentionally talking him out of his decision to testify.

An instruction that the government is unable to use any testimony Spruell gives at trial is likely true, consistent with *Simmons*, if Spruell limits his testimony to issues related to standing and does not later give inconsistent testimony at trial.  However, if Spruell's testimony exceeds those parameters and gives testimony more analogous to *Rozales*, then an admonition that states the government cannot use his statements at the suppression hearing at trial may prove to be incorrect.  On the other hand, if the Court admonishes Spurell that the government could use his testimony against him at trial, and Spurell then decides not to testify, he could later claim that the Court persuaded him not to testify.  In other words, since it does not know what Spruell's testimony will be, the Court is in a trick-bag and cannot predict in advance the admissibility of Spruell's testimony at trial.

Spruell has a right to testify at his suppression hearing if he chooses, and it appears that he has chosen to exercise that right.  He has counsel and the opportunity to consult with counsel about that decision.  An admonishment that includes the potential consequences of him testifying could have a chilling effect on this decision.

*3. If admonished, Spruell should be reminded he has a right not to testify and he's talked to his attorney about that decision.*

If the Court admonishes Spruell of anything, the government believes it should be a reminder of his rights as a criminal defendant, including only: 1. the fact that he has no obligation to testify; 2. the fact that he has spoken with his attorney about his rights and

3

understands them; and 3. verbal confirmation from Spruell that he understands and wishes to testify. The Court should not opine on the admissibility of Spruell's testimony at trial because, at this point, it is unknown.

        Respectfully submitted,

        KATE E. BRUBACHER
        United States Attorney

        s/ Michelle McFarlane
        MICHELLE MCFARLANE
        Assistant United States Attorney
        500 State Avenue, Suite 360
        Kansas City, Kansas 66101
        Tel. 913-551-6730
        Fax 913-551-6541
        Michelle.Mcfarlane@usdoj.gov
        Kan. S. Ct. No. 26824

CERTIFICATE OF SERVICE

I certify that on September 8, 2023, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a copy of the document along with a notice of electronic filing to all counsel of record.

s/ Michelle McFarlane
MICHELLE MCFARLANE
Assistant United States Attorney
