In the United States District Court
for the District of Kansas

**United States of America**,
    Plaintiff,

v.                                                                                          Case No. 22-20027-DDC

**Austin Spruell-Ussery**,
    Defendant.

## Sentencing Memorandum

After applying a four-level enhancement for possessing a firearm in connection with another felony, the presentence investigation report concludes that Mr. Spruell-Ussery's total offense level is 17, his criminal history category is VI, and his guideline range is 51-63 months. PSR ¶¶ 33, 112; USSG § 2K2.1(b)(6)(B). The parties agreed on a binding plea to 41 months to allocate risk concerning the application of the in connection with enhancement. Below we explain why, and ask the Court to adopt our recommended sentence.

There are two potential factual predicates for the in-connection-with enhancement. The first is the March 18, 2022, shooting involving Michael Rojas. But it is important to note that Mr. Rojas does not allege that Mr.

1

Spruell-Ussery shot him. Rather, Mr. Rojas told law enforcement that someone else shot him. PSR ¶ 10. Further, Mr. Rojas told law enforcement that the shooter asked Mr. Spruell-Ussery if he should shoot Mr. Rojas, and Mr. Spruell-Ussery said no.

Mr. Rojas did report being pistol whipped by Mr. Spruell-Ussery, but the responding law enforcement officers never noted any injuries consistent with Mr. Rojas' allegation. And Mr. Rojas' narrative was inconsistent in several other respects, ultimately leading to dismissal of the state case charging this offense. PSR ¶ 65.

The other potential factual predicate for the in-connection-with enhancement is a National Integrated Ballistic Information Network (NIBIN) correlation" between the firearm seized from Mr. Spruell-Ussery and shell casings recovered from two other crimes. PSR ¶ 24. Toolmark comparison, especially here, is wholly insufficient to support the in-connection-with enhancement.

First, "firearms identification is a field built largely on smoke and mirrors." The Field of Firearms Forensics is Flawed, Scientific American (May 25, 2022); *United States v. Hunt*, 63 F.4th 1229, 1244 (10th Cir. 2023) ("we think courts should be cautious" in admitting firearm toolmark

evidence"); President's Council of Advisors on Science and Technology, *Forensic Science in Criminal Courts: Ensuring Scientific Validity of Feature Comparison Methods* at 104, 111 (2016) (Noting that ATF's conclusions about firearm tool marks are "subjective" and that "the current evidence falls short of the scientific criteria for foundational validity").

Second, here, there is no traditional toolmark examination. The government's discovery evidences only a computer correlation through NIBIN, which is a "database of 'three dimensional digital ballistic images of spent shell casings recovered from crime scenes and from crime gun test-fires that can automatically generate a list of potential matches". *United States v. Hunt,* 63 F.3d at 1239. We are aware of no court holding that a NIBIN correlation is admissible or reliable. See *United States v. Wondie,* 2021 WL 5987099 at 3 (W.D. Wash. 2021) (Noting that NIBIN documents reporting a correlation "instruct the reader that NIBIN leads cannot be used for the establishment of probable cause or for any court-related purpose until evidence has been confirmed by a microscopic comparison.")

Rather than litigate the facts of a case the state saw fit to dismiss, or have the equivalent of a *Daubert* hearing concerning the ATF's NIBIN program, the parties reached a compromise. We split the difference and

3

applied a two-level enhancement, resulting in a base offense level of 15 instead of 17 and yielding a low-end guideline of 41 months. We ask the Court to ratify that agreement.

                              Respectfully submitted,

                              s/Kirk C. Redmond
                              Kirk C. Redmond, #18914
                              First Assistant Federal Public Defender
                              632 SW Van Buren St., Suite 200
                              Topeka, Kansas 66603
                              Phone: (785) 232-9828
                              Fax: (785) 232-9886
                              Email: kirk_redmond@fd.org

## **CERTIFICATE OF SERVICE**

      I hereby certify that on October 9, 2024, I filed the foregoing motion with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to all interested parties.

                              s/Kirk C. Redmond
                              Kirk C. Redmond, #18914